IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| F'REAL FOODS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-1028-CFC |
| WELBILT, INC., | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

Defendant Welbilt, Inc. has moved to stay this patent case until the resolution of a parallel patent case filed in the Southern District of Florida. D.I. 21.

1.  Plaintiff f'real Foods, LLC filed this suit against Welbilt on June 3, 2019, alleging infringement of U.S. Patent Nos. 7,144,150 (the "#150 patent") and 7,520,662 (the "#662 patent"). Three days later, f'Real filed in the Southern District of Florida a patent case against Welbilt's business partner, Fresh Blends North America, Inc., alleging infringement of the same patents. *See f'real foods, LLC v. Fresh Blends North America, Inc.* No. 19-cv-80744 (S.D. Fla.). The product currently accused of infringement in the *Fresh Blends* action, the Fresh Blender®, is essentially identical to the Multiplex FreshBlender®, one of the three accused products in this case. Welbilt is the designer and manufacturer of both the Fresh Blender® and the Multiplex FreshBlender®.

2. On August 16, 2019, the Florida court set a trial date of April 23, 2020 for the *Fresh Blends* action.

3. Welbilt moved to intervene in the *Fresh Blends* action. f'real opposed that motion and filed a motion to stay the *Fresh Blends* action pending the resolution of this case. D.I. 32, Ex. 4. f'real argued in support of its motion that a stay "would promote litigation and judicial economy [ ] by ensuring that the issues of infringement and invalidity, as to the accused product and the asserted patents, are not unnecessarily tried twice in duplicative litigation," D.I. 32, Ex. 4 at 8; that a stay "would significantly simplify[ ] the issues to be tried in this district or moot[ ] them altogether," *id.*; and that "no party will be prejudiced by a stay of this action," *id.* Counsel for f'real also represented to the Florida court that he "expect[ed]" this Delaware case "to proceed expeditiously, with a trial in the fall of 2020." *Id.*[1] Finding that "if we are going to have a patent infringement action, it makes sense for the manufacturer of the device to be in [the case]," the Florida court granted Welbilt's motion to intervene on September 11, 2019. D.I. 28, Ex. 5 at 13. The court denied that same day f'real's motion to stay, noting that "we try in this

---

[1] This representation is troubling. Counsel has appeared on numerous occasions in this Court and has worked closely with Delaware counsel. It is simply not credible that counsel could have expected a fall 2020 trial date for this case, when the case was filed in June 2019.

2

district to have [ ] fairly accelerated schedules" and "our schedule [in this case] is set." D.I. 32, Ex. 5 at 10.

4. On September 27, 2019, Welbilt filed its motion to stay in this case.

5. I held a scheduling teleconference for this case on October 7, 2019. Welbilt made the reasonable request during the teleconference that I defer setting a schedule until I had ruled on its stay motion. But since I had the parties on the line, I decided to go ahead and set a schedule that day; and I gave the parties the earliest dates available on the Court's calendar for a Markman hearing (May 13, 2020) and trial (March 15, 2021). Mindful, however, of the April 2020 trial date in the *Fresh Blends* action; and not wishing to expend unnecessarily scarce judicial resources; I told the parties I would do my best to address the stay motion expeditiously once the parties completed their briefing on the motion. The briefing is now complete.

6. Whether or not to stay litigation is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1998). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3)

whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

7. In this case, all three factors weigh strongly in favor of a stay. First, a stay will simplify the issues and trial of this case. If, for example, the *Fresh Blends* action results in a determination that the asserted patents are invalid, this entire case would be resolved, because f'real would be collaterally estopped from relitigating invalidity. *See Blonder–Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313, 350 (1971). Welbilt would similarly be precluded from relitigating in this case any invalidity defenses it litigated and lost in the *Fresh Blends* action. *Cf. Orexo AB v. Actavis Elizabeth LLC*, 371 F. Supp. 3d 175, 187 n. 7 (D. Del. 2019). Infringement issues would also be simplified since both sides would be collaterally estopped from litigating in this case whether the Multiplex FreshBlender®, which Welbilt concedes is essentially identical to the Fresh Blender®, infringes the asserted patents. And claim construction in this case would be simplified because both sides would be collaterally estopped from relitigating the claim construction positions they present in the *Fresh Blends* Markman hearing scheduled to occur less than a month from now.

8.  Second, discovery in this case has barely begun and Plaintiff's infringement contentions are not due until November 6, 2019. By contrast, briefing on claim construction is already underway in the *Fresh Blends* action and the parties are following a discovery calendar that will enable them to try that case in April 2020—a month before the Markman hearing scheduled in this case.

9.  Third, neither party would be prejudiced by a stay. F'real claims that a stay will cause it prejudice because Welbilt is a direct competitor and a stay will "forc[e] f'real to wait at least until April 2020 to start/re-start the process of obtaining relief (including injunctive relief) against Welbilt and with respect to the serious counterclaims Welbilt is asserting in this action." D.I. 31 at 6. But a stay here does not preclude f'real from seeking injunctive relief against Welbilt in the Florida court since Welbilt is a party in the *Fresh Blends* action. Moreover, Welbilt has asked for a stay of this entire case and therefore its "serious counterclaims" will be stayed. Finally, a delay until April 2020 cannot reasonably be characterized as a prejudicial given that this Court's busy docket will not allow for a Markman hearing before May 2020 or trial before March 2021. If f'real truly wants expeditious resolution of its claims (and any invalidity counterclaims or defenses maintained by Welbilt), it is much better served by being in a Florida court that is able—and, based on the words of the Florida judge, determined, *see* D.I. 32, Ex. 5 at 10—to try the *Fresh Blends* action next April.

10. In sum, the very arguments f'real made in support of its stay motion in the *Fresh Blends* action warrant a stay of this action. A stay here will "promote litigation and judicial economy [ ] by ensuring that the issues of infringement and invalidity, as to the accused product and the asserted patents, are not unnecessarily tried twice in duplicative litigation," D.I. 32, Ex. 4 at 8; "significantly simplify[ ] the issues to be tried in this district or moot[ ] them altogether," *id.*; and "no party will be prejudiced by a stay of this action," *id.*

WHEREFORE, considering the relevant factors, and exercising my discretion to formulate a proper case-specific resolution, Welbilt's motion to stay (D.I. 21) is GRANTED.

October 31, 2019

*[signature]*
Honorable Colm F. Connolly
United States District Judge
District of Delaware